IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERMINIA SOSA, on behalf of herself, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> TERMAX CORPORATION, <br><br> Defendant. | No. 17 cv 6423 <br><br> **Magistrate Judge Susan E. Cox** <br> (by Consent) |

## ORDER GRANTING THE PARTIES' JOINT MOTION FOR FINAL APPROVAL OF THEIR STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION CLAIMS

This cause comes before the Court upon the Parties' Joint Motion for Final Approval of Their Stipulation and Agreement to Settle Class Action Claims (the "Motion"). The Court has reviewed the Motion, including the exhibits attached thereto, as well as the Parties' presentation at the Hearing on Final Approval, and otherwise being fully informed in the premises,

**IT IS ORDERED** that:

1. The Court has jurisdiction over the subject matter of this lawsuit and the Parties, including all members of the class that was preliminarily certified for settlement purposes only by the Court's Preliminary Approval Order, dated December 19, 2018 (Dkt. 53). The Court also preliminarily certified the Parties' Stipulation and Agreement to Settle Class Action Claims (the "Agreement"). A Class under Plaintiff's Illinois Wage Payment and Collection Act Claim ("IWPCA") was conditionally certified as follows:

> All employees employed by Termax Corporation between January 1, 2011 and December 31, 2017 who had a deduction taken from their pay for uniforms and who did not provide a written authorization.

2. The Court finds that the class meets the prerequisites for a class action under Rule 23(a) of the Federal Rules of Civil Procedure and is maintainable under Rule 23(b)(3) for settlement purposes only. The Court finally certifies the Class identified above for settlement purposes only.

3. The Notice of Class Action Settlement ("Class Notice") sent to the Class via First Class Mail adequately informed the Class of the terms of the Settlement Agreement, the manner in which their economic recovery would be calculated if the Settlement Agreement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the settlement and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approving hearing regarding the approval of the Settlement Agreement. The Class Notice also adequately informed the Class of the resources available to them to obtain additional details on this case and the Settlement, including the contact information of Class Counsel and the Settlement Administrator. The Court finds that the manner and form of the Class Notice satisfied the requirements of Rules 23(c)(2)(B) and 23(e)(1) of the Federal Rules of Civil Procedure.

4. The Court hereby finally approves the Settlement Agreement and finds that the settlement is fair, reasonable and adequate to the entire Class and it was reached through arm's-length negotiations between the Parties. Litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages and the probable course of future litigation. The Court finds that the strength of Plaintiff's case on the merits, weighed against Defendant's defenses, and the complexity, length and expense of further litigation, support approval of the terms of the Settlement Agreement.

5. Additionally, support for the Settlement Agreement expressed by Class Counsel and Counsel for Defendant, both of whom have significant experience representing parties in class actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement Agreement.

6. As identified by the Parties, no objections have been filed and no members of the Class have requested to be excluded from the settlement. The absence of any putative members of the Class filing objections or requesting exclusion further supports approval of the Settlement Agreement.

7. The Court finds that Defendant has met all of the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

8. Members of the Class who have filed valid claim forms, including the three members of the Class who filed late claim forms but were mutually accepted by the Parties prior to the date of this Order, shall receive their share of the settlement fund in accordance with the calculations set forth in the Settlement Agreement.

9. Additionally, Class Counsel is awarded $71,995.77 for attorneys' fees and litigation costs in this matter and it shall be paid from the settlement fund.

10. Defendant shall fund this Settlement by delivering to the Settlement Administrator, American Legal Claims Services, LLC, by wire transfer or check, the amount of Two Hundred Sixteen Thousand, Eight Dollars and 93/100 ($216,008.93) (the "Settlement Amount"), no later than May 1, 2019.

11. No later than May 29, 2019, the Settlement Administrator shall distribute the Settlement Amount as follows:

    a. mail Class Members their share of the settlement fund in accordance with the calculations set forth in the Settlement Agreement;

    b. $71,995.77 Class Counsel as payment for attorneys' fees and litigation costs in this matter;

    c. $13,000 to the Settlement Administrator, American Legal Claims Services, LLC;

    d. $4,000 to the named Plaintiff as a service award for her role as class representative and as consideration for a release of non-class claims in this action and providing a general release to Defendant; and

    e. any remaining funds after the payments in this Paragraph are made shall be redistributed to members of the Class who filed valid and timely claim forms in accordance with the formula contained in the Settlement Agreement.

12. The Court hereby dismisses all claims released in the Settlement Agreement with prejudice and without costs to any of the Parties against any other settling Party, except as provided in the Settlement Agreement.

13. Any member of the Class who did not request exclusion from the Settlement Agreement fully releases and discharges Defendant and the Released Persons (as defined in the Settlement Agreement) from any and all claims under the Illinois Wage Payment and Collection Act.

14. Any member of the Class who did not submit a valid and timely claim form, except the three individuals who submitted late claim forms but were mutually accepted by the parties, are not entitled to receive any monies from the Settlement Fund and are barred from

pursuing any and all claims against Defendant and the Released Persons (as defined in the Settlement Agreement) under the Illinois Wage Payment and Collection Act.

15. The Court grants final approval of the Settlement Agreement and all of its terms. This matter is dismissed with prejudice. The Court retains jurisdiction solely for the purpose of interpreting, implementing and enforcing the Settlement Agreement consistent with its terms.

ENTERED:

4-10-19
Date

The Honorable Susan E. Cox